**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa Hew
Mitchell A. Frank
R. Terry Parker
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
*Attorneys for   Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARBERWARE LICENSING COMPANY, LLC, : | |
| : | |
| Plaintiff, : | Civil Action No.: 15-CV-4586 |
| : | |
| v. : | |
| : | **COMPLAINT AND** |
| MERCER TOOL CORP., : | **JURY DEMAND** |
| : | |
| Defendant. : | |

Plaintiff, Farberware Licensing Company, LLC ("Farberware" or "Plaintiff"), by its

undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

<u>SUBSTANCE OF THE ACTION</u>

This is an action for unfair competition under Section 43(a) of the Trademark Act of

1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), trademark dilution under Section 43(c) of the

Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of trademark

infringement, unfair competition, deceptive trade practices, dilution, tarnishment and injury to

business reputation under the state and common laws of the State of New York.  Plaintiff brings

this action based on Defendant's use and/or planned use, and attempted registration, of the

designation A NEW TRADITION as a trademark for various cookware and kitchenware

products in International Class 21 (hereinafter, "the Infringing Mark").  Defendant's use or plan

to use the Infringing Mark in connection with cookware products and related goods violates

Plaintiff's rights in their trademark NEW TRADITIONS™, as used in connection with

cookware, non-electric cookware and chef apparel products.  Defendant's conduct constitutes

unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and trademark

infringement, unfair competition, deceptive trade practices, dilution, tarnishment and injury to

business reputation under the state and common laws of the State of New York.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C.

§ 1121, Sections 1338(a) and 1338(b) of the Judicial Code, and under principles of

supplementary jurisdiction.  Venue properly lies in this District under Sections 1391(b) and (c)

of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c), because Defendant does business in

and/or has substantial contacts with and/or may be found in the Eastern District of New York,

and a substantial portion of the events at issue have arisen and/or will arise in this judicial

district.

## PARTIES

2.     Farberware is a Delaware corporation, with a place of business at 300 First

Avenue, Needham, Massachusetts, 02494.

3.     Upon information and belief, Defendant, Mercer Tool Corp., is a New York

corporation having a place of business at 1860 Smithtown Avenue, Ronkonkoma, New York

11779 (hereinafter "Defendant").

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

4.     Farberware and/or its affiliates, and their predecessors and/or their licensees have,

since at least 1900, produced and successfully marketed a wide range of household wares and

appliances, including cookware, bar ware, electric household appliances, electric cooking

appliances, electric kitchen utensils and ovens under the famous FARBERWARE® trademark

(hereinafter, "the FARBERWARE® Mark").

5.      Farberware has invested an enormous amount of time, money and other resources

to successfully market and maintain its highly regarded image and has taken great care to control

the quality of its goods. As a result of these activities, Farberware enjoys a reputation as a

manufacturer and distributor of the highest quality goods under the FARBERWARE® Mark.

6.      Farberware is the owner of a valid and enforceable trademark NEW

TRADITIONS, which is used in respect of a range of cookware and related products

manufactured, marketed and sold by Farberware and/or its licensees (hereinafter, "the NEW

TRADITIONS™ Mark").

7.      Farberware has maintained, and has caused its licensees to maintain, a highly

regarded reputation and has taken great care of the quality of its goods sold under the NEW

TRADITIONS™ Mark, and Farberware accordingly enjoys a reputation as a manufacturer and

distributor of the highest quality goods under the NEW TRADITIONS™ mark.

8.      Farberware and/or its licensees have used the NEW TRADITIONS™ Mark in the

United States since at least as early as January 2014 ("Plaintiff's Priority Date"), which is prior

to the earliest priority date which can be claimed by Defendant.

9.      Farberware is the owner of United States Trademark Application Serial No.

86/365741 for the NEW TRADITIONS™ Mark for "cookware, namely, pots and pans, skillets;

non-electric cookware, namely, covered saucepots, covered saucepans, covered and open fry

pans, chicken fryers, covered sauté pans, covered stockpots, and casseroles" in International

Class 21, which was filed on August 13, 2014 based on actual use (hereinafter, the "NEW TRADITIONS™ Use-Based Application").

10.     Farberware is also the owner of United States Trademark Application Serial No. 86/365770 for the NEW TRADITIONS™ Mark for "cookware, namely, tea pots not of precious metal; cutting boards, bakeware, baking dishes, cake pans, casseroles, dinnerware, servingware for serving food and drinks, serving dishes, serving platters not of precious metal; cooking utensils, namely, grills, skewers, roasters, bbq turners, cooling racks; household utensils, namely, sieves, spatulas, strainers, turners, tongs, zesters, reamers; salt and pepper mills, salt and pepper shakers, household containers for food, grates, barware, namely corkscrew, wire baskets, whisks, bottle openers, brushes for basting meat, butter dishes, glass carafes; non-electric cookware, namely, double boiler sets, steamer sets, covered stockpots, dutch ovens, tea kettles, steamer inserts, double boiler inserts, roasting pans, colanders, mixing bowls with covers, stove top percolators, casseroles, pasta inserts, steamers, serving trays, and bowls; disposable paperboard cakeware", in International Class 21, filed August 13, 2014 based on intent-to-use (hereinafter, "the NEW TRADITIONS™ Intent-to-Use Application") (the NEW TRADITIONS™ Use-Based Application and the NEW TRADITIONS™ Intent-to-Use Application are hereinafter referred to collectively as "the NEW TRADITIONS™ Applications").

11.     Farberware's exclusive use of the NEW TRADITIONS™ Mark in connection with a range of cookware and related products has caused consumers to associate the NEW TRADITIONS™ Mark solely with Farberware and its products. The NEW TRADITIONS™ Mark accordingly symbolizes and represents a significant amount of goodwill of Farberware.

12.     In view of Farberware's open, public and extensive use of the NEW TRADITIONS™ Mark, consumers will inevitably assume that any mark which comprises the

Designation "NEW TRADITIONS" or variations thereof, when used in connection with cookware and/or other items intended to be used in connection with cooking and/or the preparation of food (including, but not limited to, kitchenware utensils and/or chef's apparel), is somehow associated with Farberware and/or its NEW TRADITIONS™ Mark.

13.     Upon information and belief, Defendant is using and/or is planning to use the name A NEW TRADITION in connection with cookware products, kitchenware utensils and/or chef's apparel (hereinafter the "Infringing Products").

14.     On April 1, 2014, several months after Plaintiff's Priority Date, Defendant filed with the United States Patent and Trademark Office intent-to-use application Serial No. 86/238345 to register the designation A NEW TRADITION as a trademark for various cookware and kitchenware utensils in International Class 21 and for chef's apparel products in International Class 25 ("Infringing Application").

15.     The Infringing Application was filed after Farberware had begun using its NEW TRADITIONS™ Mark, and Farberware's rights to the NEW TRADITIONS™ Mark therefore have priority over any rights which Defendant may legitimately claim in the Infringing Mark.

16.     Upon information and belief, Defendant decided to adopt the Infringing Mark and filed the Infringing Application despite having had actual knowledge of Plaintiff's exclusive rights in the NEW TRADITIONS™ Mark.

17.     On January 7, 2015, Plaintiff, through its counsel, wrote to Defendant, through its counsel, objecting to Defendant's proposed use of the Infringing Mark and to the filing of the Infringing Application and requested that Defendant agree not to use the Infringing Mark and to voluntarily abandon the Infringing Application.  Defendant has not only refused to agree not to use the Infringing Mark and to voluntarily abandon the Infringing Application, but has, upon

information and belief, also commenced use of the Infringing Mark in connection with the sale of knives and other products offered for sale by Defendant at its website, www.mercertool.com.

18.     Upon information and belief, Defendant adopted, commenced use of and/or is using and/or planning to use the Infringing Mark with the intent and purpose of trading on Plaintiff's goodwill in its NEW TRADITIONS™ Mark and to reap the benefits of the effort and investment of Plaintiff and its licensees to create public recognition of Plaintiff's NEW TRADITIONS™ Mark and the products sold thereunder.

19.     Upon information and belief, Defendant has engaged and continues to engage in deliberate and willful infringement designed to confuse consumers as to the source of the Infringing Products and trade upon Plaintiff's valuable intellectual property, goodwill and reputation.

20.     Defendant's actions have been undertaken with full knowledge of Plaintiff's prior use of the NEW TRADITIONS™ Mark in connection with cookware and other kitchen-related goods.

**FIRST CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

21.     Plaintiff repeats and realleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

22.     Defendant's use of the Infringing Mark in connection with the Infringing Goods constitutes a false designation of origin which is likely to deceive, mislead and/or confuse the consuming public, because of, *inter alia*, the similarity in sight, sound, meaning and commercial impression created by the Infringing Mark and the NEW TRADITIONS™ Mark, as to the affiliation, connection, or association of Defendant's Infringing Goods with Plaintiff's goods, and/or as to the origin, sponsorship or approval of Defendant's Infringing Goods by Plaintiff.

23.     Defendant's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

24.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(1)(c))

25.     Plaintiff repeats and realleges paragraphs 1 through 24 above and incorporates them by reference as if fully set forth herein.

26.     By reason of Plaintiff's, and its licensee's, continuous, open, notorious and extensive use and advertising of its cookware and related products offered and sold under the NEW TRADITIONS™ Mark, the NEW TRADITIONS™ Mark has become famous and highly distinctive of Plaintiff and its goods, and is uniquely associated with Plaintiff in the category of cookware and related kitchen products.

27.     Defendant's above-described actions, which occurred after Plaintiff's NEW TRADITIONS™ Mark acquired fame, have diluted and/or are likely to dilute and will, unless restrained, continue to dilute and/or continue to be likely to dilute the distinctive quality of Plaintiff's famous NEW TRADITIONS™ Mark by (a) destroying the exclusive association between Plaintiff's NEW TRADITIONS™ Mark and its goods, (b) otherwise lessening the capacity of the NEW TRADITIONS™ Mark to identify Plaintiff and its goods exclusively and/or (c) tarnishing Plaintiff's valuable NEW TRADITIONS™ Mark by undermining and damaging the goodwill and reputation associated with the NEW TRADITIONS™ Mark.

28.     Defendant's aforesaid actions are intentional and in violation of Section 43(c)(1) of the Trademark Act, 15 U.S.C. § 1125(c)(1), and have caused and will continue to cause

Plaintiff irreparable injury unless restrained by this Court. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

29.    Plaintiff repeats and realleges paragraphs 1 through 28 above and incorporates them by reference as if fully set forth herein.

30.    Defendant's conduct is intended to deceive, and is deceiving, the public into believing that Defendant's goods sold and/or to be sold under the designation A NEW TRADITION are manufactured, licensed by or somehow otherwise approved by, sponsored by or otherwise associated with Plaintiff and its NEW TRADITIONS™ Mark.

31.    The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Defendant.

32.    Defendant's conduct constitutes a deceptive act or practice in violation of New York General Business Law § 349.

33.    Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby continuing to deceive the public and causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation.  Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
## (N.Y. General Business Law § 360-l)

34.    Plaintiff repeats and realleges paragraphs 1 through 33 above and incorporates them by reference as if fully set forth herein.

35.    Defendant's actions as described herein have caused and will continue to cause a likelihood of dilution of the distinctive quality of Plaintiff's NEW TRADITIONS™ Mark and of injury to Plaintiff's business reputation, in violation of .New York General Business Law §360-l.

36.     By reason of the foregoing, Plaintiff is entitled to injunctive relief under New York General Business Law § 360-l.

### FIFTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

37.     Plaintiff repeats and realleges paragraphs 1 through 36 above and incorporates them by reference as if fully set forth herein.

38.     Defendant's aforementioned conduct has resulted and/or will result in the misappropriation of and trading upon Plaintiff's good will and business reputation at Plaintiff's expense and at no expense to Defendant, the effect of which is to unjustly enrich Defendant, damage Plaintiff and confuse and/or deceive the public.

39.     Defendant's conduct constitutes unfair competition with Plaintiff, all of which will cause, has caused and/or will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

40.     WHEREFORE, Plaintiff demands judgment as follows:

41.     Preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant from:

(a)     using or authorizing any third party to use, either alone or in combination with other words and/or designs, the trademark A NEW TRADITION and/or any other trademarks or names that are substantially similar to Plaintiff's NEW TRADITIONS™ Mark, on or in connection with the offering for sale and/or sale of any knives, kitchen utensils, cookware, bakeware, servingware, barware, kitchenware, kitchen products and/or chef's apparel, or any other product or service which is related to any such products, and/or on or in connection with any advertising, marketing and/or promotional materials therefor, including, but not limited to,

on the website located at www.mercertool.com and/or any other website owned or controlled by Defendant;

        (b)      making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized and/or franchised by or are otherwise connected with Plaintiff;

        (c)      using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate any products or services, and/or any marketing, promotional and/or advertising materials, with Plaintiff or which tend to do so;

        (d)      diluting the distinctive quality of Plaintiff's NEW TRADITIONS™ Mark;

        (e)      engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's NEW TRADITIONS™ Mark; and

        (f)      aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (e) hereof.

43.    Requiring Defendant, within five (5) days following the issuance of such judgment, to file with the United States Patent and Trademark Office a formal abandonment with prejudice of the Infringing Application and of any and all other applications to register the designation A NEW TRADITION, either alone or in combination with any words and/or designs, which cover knives, kitchen utensils, cookware, bakeware, servingware, barware, kitchenware, kitchen products and/or chef's apparel, and/or any other product or service which is related to any such products,.

44.     Requiring Defendant to recall immediately from all of their distributors, retail establishments and/or wholesale establishments, wherever located, any and all products bearing the Infringing Mark, and to direct all such distributors, retail establishments and/or wholesale establishments to cease forthwith the distribution and/or sale of any and all products bearing the Infringing Mark and to immediately remove such products from public access.

45.     Directing that Defendant deliver for destruction all products, and all advertising, marketing and/or promotional materials, in its possession or under its control, incorporating or bearing the Infringing Mark, either alone or in combination with any other words and/or designs.

46.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendant, is authorized by Plaintiff or related in any way to Plaintiff or Plaintiff's products.

47.     Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

48.     Awarding Plaintiff such damages as it has sustained and/or will sustain by reason of Defendant's trademark infringement, dilution, unfair competition, and injury to business reputation and deceptive trade practices.

49.     Awarding Plaintiff all gains, profits, property and advantages derived by Defendant from such conduct; and pursuant to 15 U.S.C. § 1117(a), awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendant's violation of the Lanham Act.

50.     Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement and/or unfair competition as the Court finds appropriate.

51.     Awarding Plaintiff its costs and disbursements incurred in this action, including, but not limited to, its reasonable attorneys' fees.

52.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.


## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.


Duane Morris LLP


By:  s/Gregory P. Gulia
        Gregory P. Gulia
        Vanessa Hew
        Mitchell A. Frank
        R. Terry Parker
        1540 Broadway
        New York, NY 10036-4086
        Telephone: +1 212 692 1000
        Fax: +1 212 692 1020

        *Attorneys for Plaintiff*

Dated:  August 5, 2015